STATE OF MICHIGAN
COURT OF APPEALS

TRACY MERLO, a/k/a TRACY NELSON,

        Plaintiff-Appellee,

v

JAMES MERLO,

        Defendant-Appellant.

UNPUBLISHED
May 3, 2016

No. 325458
Wayne Circuit Court
LC No. 12-106504-DO

Before: O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

In this post-judgment divorce proceeding, defendant appeals as of right the trial court's order requiring him to pay $1,000 in attorney fees. We affirm.

This appeal is one of several appeals arising out of the parties' tumultuous divorce proceedings. The parties divorced in June 2013. Under the terms of their divorce judgment, plaintiff was awarded an interest in defendant's Internal Revenue Service Thrift Savings Plan and defendant's Defined Benefit Plan through the Civil Service Retirement Commission. Nearly one year after the divorce judgment was entered, the trial court entered a "Court Order Acceptable for Processing Under the Thrift Savings Plan" and a "Court Order Acceptable for Processing Under CSRS & the Federal Employees Retirement System." Both of these orders created and recognized plaintiff's right to receive a portion of defendant's retirement accounts at issue. Under the first order, payment of benefits was to begin as soon as "administratively feasible" after the order is "approved as a qualifying Retirement Benefits Court Order by the Plan Administrator." It continued, requiring that, "[i]n the event that the Plan Administrator determines that this Order is not a Court Order Acceptable for Processing, both parties shall cooperate with the Plan Administrator to make the necessary changes in order for the parties to obtain an amended order that meets the requirements . . . ." The second order was similar, but it also provided that "[t]he employee agrees to arrange or to execute forms necessary for the OPM to commence payments to former spouse in accordance with the terms of this Order."

Unhappy with the entry of these orders, defendant filed a motion to stay proceedings, expressing his desire to appeal. Plaintiff responded, arguing that defendant's claim of appeal had been dismissed and that, although defendant had filed a delayed application for leave to appeal, there was no appeal pending. Thus, plaintiff concluded, there was no basis to stay proceedings. Defendant subsequently forwarded a copy of his motion to the "Plan Administrators" on the

-1-

retirement accounts described above, which resulted in a hold being placed on each account. Before the trial court, plaintiff provided a letter from the Thrift Savings Plan, which indicated that, because it received the motion to stay and a notice of hearing, it was required under 5 CFR 1653.3(i) to place a hold on all payments until a court order stating otherwise was entered. Plaintiff subsequently asked defendant to sign consent orders reaffirming the previous orders in light of the fact that his motion to stay had not been granted. Defendant refused. Defendant also apparently refused to schedule a hearing on or dismiss his motion to stay. In essence, this left plaintiff without recourse—the Plan Administrators refused to issue payment as required by the court orders because of the motion to stay, but defendant refused to proceed on the motion to stay.

In light of this conundrum, plaintiff was compelled to file a motion seeking the trial court's reaffirmation of its previous orders regarding defendant's retirement accounts. Plaintiff also sought attorney fees in the amount of $1,500 based on defendant's refusal to cooperate in resolving the issue without court intervention. Defendant responded, arguing that plaintiff's motion was frivolous and that the previous orders were, in essence, working perfectly fine. Defendant asked for sanctions against plaintiff instead, calling the motion frivolous and duplicative. A hearing was held on plaintiff's motion in December 2014. Plaintiff argued that, without a reaffirmation of its previous orders, the trial court's orders were rendered useless. Defendant countered that plaintiff's motion was an attempt to overrule federal law. Defendant remained unable to provide anything that would support a conclusion that there was a pending appeal.

It is obvious from the record, in our view, that the trial court grew frustrated with defendant's tactics throughout the divorce proceedings in this case.[1] The trial court expressed its disappointment with defendant "obstructing this process by showing up in court representing [himself] and, essentially, refusing to provide appropriate documentation to support [his] position, which is that there is a pending appeal that would stop this matter from moving

---

[1] The record certainly provides support for the trial court's frustration. Defendant represented himself at the hearing on plaintiff's motion, but he was represented by counsel during other portions of the divorce proceedings, including the appeal that he and his attorney claim was pending. Despite choosing to represent himself, defendant was unable to explain anything that his attorney did. For example, when the trial court questioned defendant regarding whether he had filed one or more claims of appeal with this Court, he answered that he could not speak to that because it was his attorney, not he, who would have filed such a thing. When asked whether he had anything to support his otherwise unsupported claim that one or more appeals were pending, he was confrontational with the court and claimed that the court was accusing him of lying. On more than one occasion, he stated that he did not bring any of the documentation to support his position because he did not feel it was relevant. When the trial court asked "who decides what's relevant," defendant responded that "God," not the trial court, would decide that. The record also reflects that this was far from the first instance in which the trial court ordered defendant to pay attorney fees based on his failure to comply with its post-judgment orders and obstructive behavior and tactics.

forward." The trial court, after being interrupted by defendant, concluded that, until it entered an order staying proceedings, any appeal (or intention to appeal) maintained by defendant did not, in and of itself, stop the execution of its previous orders. Because defendant was intentionally preventing those orders from being executed without successfully moving to stay proceedings, the trial court explained, an order reaffirming its previous orders was now necessary.

As it relates to plaintiff's request for attorney fees, defendant contended that the trial court's previous orders were, as stated above, working perfectly fine. He argued that any failure to abide by those orders was consistent with federal law and stated that he refused to sign plaintiff's proffered consent orders because they were duplicative. Relying on MCR 3.206(C)(2)(b), the trial court concluded that defendant intentionally refused to comply with its previous orders, each of which required defendant's cooperation in the event that the appropriate Plan Administrator did not honor the terms of each order. Because defendant refused to cooperate in the process, the trial court awarded plaintiff $1,000 in attorney fees. This appeal followed.

On appeal, defendant raises one brief issue. He argues that 5 CFR 1653.3(i) is to blame for any hold on the court-ordered payments from defendant's retirement accounts. That federal regulation provides as follows:

> The TSP will hold in abeyance the processing of a court-ordered payment if the TSP is notified in writing that the underlying court order has been appealed, *and that the effect of the filing of the appeal is to stay the enforceability of the order.* [5 CFR 1653.3(i) (emphasis added).]

Other than block quoting this regulation, conclusorily claiming that this regulation demands an outcome in his favor, and briefly complaining about "the slanted playing field that has burdened Defendant since the time of the entry of the Judgment of Divorce," defendant provides no meaningful argument in support of his position.

> A party may not leave it to this Court to search for authority to sustain or reject its position. An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority. Argument must be supported by citation to appropriate authority or policy. An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. [*Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (citations and internal quotation marks omitted).]

That is precisely what defendant does in this case. He announces his position and tells us to agree. That is insufficient to warrant our review. Thus, we conclude that he has abandoned his sole issue on appeal. *Id.*

Nevertheless, we will point out that defendant's position is meritless. A trial court's ultimate decision to award attorney fees during divorce proceedings is reviewed for an abuse of discretion. *Woodington v Shokoohi*, 288 Mich App 352, 369; 792 NW2d 63 (2010). However,

"[t]he findings of fact on which the trial court bases its decision are reviewed for clear error." *Id*. "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made, giving due regard to the trial court's special opportunity to observe the witnesses." *Smith v Smith*, 278 Mich App 198, 204; 748 NW2d 258 (2008). Under MCR 3.206(C)(2)(b), a trial court is permitted to award attorney fees in a divorce action where the party seeking the fees demonstrates, in pertinent part, "that the attorney fees were incurred because the other party refused to comply with a previous court order, despite having the ability to comply[.]" *Woodington*, 288 Mich App at 370.

In this case, plaintiff's motion alleged that defendant refused to comply with the trial court's previous orders despite having the ability to comply. The trial court found that this was the case, explaining that defendant intentionally obstructed the court-ordered payments from being made and was unwilling to cooperate in addressing this issue as required by the previous orders. After a thorough review of the record, we are not left with a definite and firm conviction that a mistake has been made in this regard. *Smith*, 278 Mich App at 204. The federal regulation that defendant relies on to support his position, 5 CFR 1653.3(i), does precisely the opposite of what he claims—it requires written notification of an appeal that indicates that "the effect of the filing of the appeal is to stay the enforceability of the order." But defendant's motion to stay, which he apparently (and perhaps strategically) abandoned, does not have that effect. See MCR 7.209(A)(1). Rather than make any effort to cooperate in resolving this issue as required by the previous court orders, defendant used the confusion to his benefit. In fact, he continuously argued the effectiveness of the trial court's previous orders despite the fact that he knew, due to his abandoned motion to stay, they were rendered entirely ineffective. This lack of cooperation, in our view, is sufficient to justify the trial court's decision under the clearly erroneous standard of review for factual findings.

It is important to point out that defendant *does not make any* argument on appeal relating to his cooperation. In fact, he does not even mention the fact that the trial court found that he failed to comply with its previous orders in the argument section of his brief on appeal. Instead, in the most literal sense, he relies solely on the language of 5 CFR 1653.3(i) and states that the trial court's decision was, therefore, wrong. Had defendant, for example, made any effort to explain how he complied with the trial court's previous orders, justify his refusal to cooperate in resolving the payment issues that arose after the entry of the orders, or support his claim that an appeal was pending, our conclusion may well have been different. But, he did not. Instead, his only claim is that 5 CFR 1653.3(i) controls the outcome of this appeal, and he is incorrect.

Furthermore, because we are convinced that defendant's appeal was taken for purposes of hindrance or delay, we also elect to impose sanctions in the amount of $1000 against defendant pursuant to MCR 7.216(C)(1)(a). As the trial court correctly recognized, defendant intentionally obstructed the court-ordered payments from being made, and this appeal merely reflects yet another attempt by defendant to delay or hinder the order's effectiveness in this matter.

Affirmed with sanctions on appeal awarded. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien